UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAY M. CLARK and ZENAIDA CLARK, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | SA-13-CA-281-FB (HJB) |
| BANK OF AMERICA, N.A., BANK OF AMERICA HOME LOANS, COUNTRYWIDE HOME LOANS, FIDELITY NATIONAL FINANCIAL, INC., ALAMO TITLE COMPANY, ALAMO TITLE INSURANCE COMPANY, BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P., AND THEIR DESIGNATED EMPLOYEES AND AGENTS IDENTIFIED AS JOHN DOE 1-100, JANE DOE 1-100, ET AL., | § § § § § § § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Fred Biery:**

This report and recommendation concerns Defendant Barrett Daffin Frappier Turner & Engel, LLP's (BDFTE's) Motion to Dismiss Pursuant to Rule 12(b)(6). (Docket Entry 5.) Such motions have been referred to this Court for report and recommendation. (*See* Docket Entry 3.) For the reasons that follow, I recommend that the Motion be **DENIED WITHOUT PREJUDICE**.

**I.   Jurisdiction.**

Plaintiffs' Bexar County lawsuit raises claims under a variety of state and federal statutes, including the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f. (*See* Docket Entry

10-2, at 60 (Plaintiff's Fifth Amended Petition).)[1] Defendant Bank of America, N.A., (Bank of merica) and others removed the case to this Court, invoking the Court's jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446; Defendant BDFTE consented to the removal pursuant to 28 U.S.C. § 1446(b)(2)(A). (Docket Entries 1, 1-10.) I have jurisdiction to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Discussion.

Federal Rule of Civil Procedure 12(b) authorizes dismissal of a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). For a claim to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

BDFTE asserts that it was retained by Bank of America to assist with the foreclosure process against the property at 29461 No Le Hace Drive, in Fair Oaks Ranch, Texas. Plaintiffs contested the foreclosure, and subsequently sued Bank of America, BDFTE, and others. (Docket Entry 5, at 1–2.) BDFTE moves to dismiss all of Plaintiffs' claims against it on a single ground: attorney immunity.

---

[1] The Fifth Amended Petition was apparently not included among the papers filed when this case was originally removed, but it was subsequently included as an attachment to Plaintiffs' Motion to File Crucial Bexar County Court Records. (*See* Docket Entry 10.) I granted Plaintiffs' motion to file the document (*see* Docket Entry 15); however, I have also recommended that Defendants be required to supplement the record with a correct copy Fifth Amended Petition if necessary, pursuant to 28 U.S.C. § 1447(b). (*See* Docket Entry 24, at 4.) For the purposes of this recommendation, I will assume that the document presented by Plaintiffs reflects an accurate version of the petition.

2

BDTFE relies on the general proposition of Texas law that attorneys are immune from suit for actions they take in representing parties during litigation and related matters. (*Id.* at 2–4.) *See Taco Bell Corp v. Cracken*, 939 F. Supp. 528, 531–32 (N.D. Tex. 1996) (citing on *Bradt v. West*, 892 S.W.2d 56 (Tex. App. 1994, writ denied), and *Martin v. Trevino*, 578 S.W.2d 763 (Tex. Civ. App. 1978, writ ref'd n.r.e.)). Based on this claim of immunity, BDFTE seeks to have all the claims against it dismissed. (Docket Entry 5, at 4.)

Contrary to BDFTE's argument, attorney immunity does not apply to all of Plaintiffs' claims. As noted above, Plaintiffs allege a claim against BDFTE as a "debt collector" under the FDCPA. (Docket Entry 10-2, at 60.) Claims under the FDCPA may be brought against attorneys, even in their roles as litigators. "[T]he term 'debt collector' in the Fair Debt Collection Practices Act . . . applies to a lawyer who 'regularly,' *through litigation*, tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (emphasis in original); *see also Addison v. Braud*, 105 F.3d 223, 224 n.1 (5th Cir. 1997) (same). Accordingly, if BDFTE acted as a "debt collector" in its representation of Bank of America as Plaintiffs allege, then it is not immune from Plaintiffs' suit under the FDCPA.

BDFTE recently had its immunity argument rejected in the closely related context of a claim under the Texas Debt Collection Act (TDCA). *See Hunt v. BAC Home Loans Servicing, LP, et al.*, No. C-11-261, Order on Motions to Dismiss, 2012 WL 219330 (S.D. Tex. Jan. 24, 2012). In *Hunt*, as in this case, BDFTE had represented Bank of America in connection with a foreclosure, had been sued as a result, and had raised a claim of attorney immunity. *Id.* at *1. The district court rejected the claim, concluding that "attorneys can be held liable under the Texas Act if the evidence shows

that they satisfy the definition of 'debt collectors.'" *Id.* at *9. The court specifically noted that attorneys could also be held liable for violations of the FDCPA. *Id.* at *9 (citing *Addison*).[2]

It may be that Plaintiffs cannot prove that BDFTE acted a "debt collector" under federal law, and thus that the FDCPA does not apply in this case. Or it may be that, unlike the FDCPA claim, particular other claims of Plaintiffs are subject to BDFTE's attorney-immunity defense.[3] But BDFTE does not make these arguments. It simply asserts that it is immune from "any cause of action" whatsoever, because of its role as legal counsel in the previous case. (*See* Docket Entry 5, at 3 (citing *Taco Bell Corp.*)). For the reasons set out above, this across-the-board assertion cannot withstand scrutiny. Taking Plaintiffs' allegations as true, as the Court must, BDFTE is not completely immune from suit. Accordingly, BDFTE's motion should be denied without prejudice to refiling either as a motion to dismiss specific claims raised by Plaintiffs, or as a motion for summary judgment on the issue of BDFTE's status as a "debt collector" under the FDCPA.

### III. Conclusion and Recommendation.

For the foregoing reasons, I recommend that BDFTE's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket Entry 5) be **DENIED WITHOUT PREJUDICE**.

### IV. Instructions for Service And Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing

---

[2] The TDCA incorporates part of the FDCPA's definition of "debt collector," *see* TEX. FIN. CODE § 392.001(7) (West 2006) (incorporating 15 U.S.C. § 1692a(6)).

[3] I note that, of the cases BDFTE cites, none concern foreclosure or related issues. *See Taco Bell Corp*, 939 F. Supp. at 529 (wrongful death); *Bradt*, 892 S.W.2d at 60 (divorce); *Martin*, 578 S.W.2d at 764 (medical malpractice); *Kreugel v. Murphy*, 126 S.W. 343 (Tex. Civ. App. 1910) (fraudulent assignment).

4

user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Such party must file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED:** July 17, 2013.

Henry J. Bemporad
United States Magistrate Judge